UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
PAKENAUTH GEER,

              Plaintiff,

-against-

RICHARD BROWN, District Attorney;
JACK WARSAWSKY, Ass. Dis. Attorney;
CATHERINE TABINSKY, C. Reporter,[1]

              Defendants.
---------------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
14-CV-6172 (CBA)(LB)

**AMON, Chief United States District Judge:**

Plaintiff Pakenauth Geer, currently incarcerated at Washington Correctional Facility, in Comstock, New York, brings this pro se complaint under 42 U.S.C. § 1983. Geer's request for in forma pauperis status, pursuant to 28 U.S.C. § 1915, is granted for the limited purpose of this Order. For the reasons set forth below, Geer's complaint is dismissed, but he is granted leave to amend his complaint.

## BACKGROUND

In this complaint, Geer makes many of the same allegations he made in a separate lawsuit, which the Court dismissed on January 23, 2014. See Geer v. Pheffer, No. 14-cv-2829 (E.D.N.Y. Jan. 23, 2015), ECF No. 6. The overlapping allegations are as follows. First, he alleges that Audrey Pheffer—identified as "chief clerk . . . at Queens County Clerk's Office"—violated unspecified rights under the United States Constitution by refusing to provide him with copies of documents relating to his sentencing and imprisonment, pursuant to a Freedom of Information Law ("FOIL") request. (Compl. at 17, 19.) Second, Geer alleges that Jack Warsawksy, an assistant district attorney, Richard Brown, the Queens County District Attorney,

---

[1] Geer also names "Audrey Pheffer" and "Kenneth Holder" as additional defendants in the body of his complaint.

1

and court reporter Catherine C. Tabinsky, conspired to falsify a transcript in his case. (Compl. at 5-6.) That, Geer appears to allege, resulted in the extension of his sentence to seventeen years. (Id.) Geer claims his original sentence, imposed on April 4, 2005, was to a "12 to 17 years split bid, with (parole release within 5 five years)." (Id. at 6, 9.)

In the instant complaint, Geer makes additional claims as well. First, he alleges that "the D.A."—although it is unclear whether he means Brown or Warsawsky—wrote a "false report" on November 23, 2001. (Id. at 4.) He so surmises because although the D.A. wrote in his report that "police recovered two machetes, a kitchen knife, pieces of wood with fiber, and a green shirt with blood stains" from Geer's home, he "doesn't have any finger print, blood sample or any DNA evidence from those items." (Id.) Second, he claims Brown somehow prevented him from filing a motion of some unspecified sort "to any of the Courts in New York state." (Id. at 5.) Geer does not elaborate on this allegation. (Id.) He mentions in a letter attached to his complaint that "[t]he officers and the officials" are—by way of "bogus tickets and heavy penalties"—"prevent[ing] [Geer] from filing [his] legal documents to obtain" his original sentence, with its "parole release within . . . five years." (Compl. at 8.) Third, he argues that Brown, Tabinsky, and Judge Kenneth Holder somehow wrongfully denied Geer's motion to set aside his sentence without a hearing. (Id. at 6.) Fourth, he appears to claim, based on a letter appended to his complaint, that his mail is being interfered with, including letters sent in an effort to obtain a manual on pro se prison litigation. (Id. at 15.) Geer, as in the earlier complaint, seeks (1) release from his allegedly illegal imprisonment and (2) money damages totaling $10 million. (Compl. at 7.)

2

## STANDARD OF REVIEW

Under the Prison Litigation Reform Act ("PLRA"), a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint sua sponte if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that sua sponte dismissal of frivolous prisoner complaints, pursuant to the PLRA, is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to construe the plaintiff's pro se complaint liberally and interpret it to raise the strongest arguments it fairly suggests. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980). Liberal construction is particularly important when a pro se litigant's pleadings allege civil rights violations. Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). Finally, a pro se complaint should not be dismissed without granting a pro se plaintiff leave to amend "at least once when a liberal

3

reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks omitted).

## DISCUSSION

### I. Res Judicata

Geer's claims regarding his FOIL requests and the falsification of court transcripts are barred by the doctrine of res judicata and therefore must be dismissed. The same is true of Geer's request for release from his allegedly illegal imprisonment. A district court has the power to dismiss pro se complaints sua sponte on res judicata grounds. Salahuddin v. Jones, 992 F.2d 447, 449 (2d Cir. 1993); see also Rollock v. LaBarbera, 383 F. App'x 29, 30 (2d Cir. 2010) (summary order) (affirming district court's sua sponte dismissal of complaint on res judicata grounds). Res judicata bars subsequent litigation if: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Monahan v. N.Y.C. Dep't of Corrs., 214 F.3d 275, 285 (2d Cir. 2000).

Here, the requirements of res judicata are met. First, a dismissal pursuant to § 1915, although not technically a dismissal on the merits, can "have a res judicata effect on frivolousness determinations" when both the first and second complaint are pro se. Cieszkowska v. Gray Line New York, 295 F.3d 204, 205-06 (2d Cir. 2002) (finding that second pro se complaint based on same facts was barred by res judicata where original pro se complaint was dismissed for failure to state a claim under § 1915). The second and third requirements are clearly met. Geer is the plaintiff in both cases, and he brings precisely the same claims in this action that he asserted in the prior action. (Compare Docket Entry 1 with Geer v. Pheffer, No. 14-cv-2829 (E.D.N.Y. Apr. 28, 2014), ECF No. 1.) Accordingly, the FOIL claim, the claim

4

related to transcript-falsification, and Geer's request for release from what he claims is illegal imprisonment are barred by the doctrine of res judicata. Accordingly, these claims are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1).

## II. The False Report Claim

Geer's false report allegation also fails to state a claim. The Court interprets that allegation to constitute a § 1983 falsified evidence claim. See Zahrey v. Coffey, 221 F.3d 342, 349 (2d Cir. 2000) (identifying, as the basis for a cognizable § 1983 claim, the due process right "not to be deprived of liberty as a result of the fabrication of evidence by a government officer acting in an investigating capacity"). That claim is barred by the Supreme Court's decisions in Preiser v. Rodriguez and Heck v. Humphreys. In Preiser, the Supreme Court held that § 1983 is not a proper means for a state prisoner to "challeng[e] the very fact or duration of . . . physical imprisonment," as opposed to the conditions of his imprisonment. 411 U.S. 475, 499-500 (1973); see also Poventud v. City of New York, 750 F.3d 121, 128 (2d Cir. 2014) (outlining Preiser doctrine). For such challenges, the "sole federal remedy is a writ of habeas corpus." Abdul-Hakeem v. Koehler, 910 F.2d 66, 69 (2d Cir. 1990) (quoting Preiser, 411 U.S. at 500) (internal quotation marks omitted). Subsequently, in Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held further that a § 1983 suit for money damages grounded in an allegedly unlawful criminal sentence must comply with what has come to be called the "favorable termination" rule. See Foster v. Diop, No. 11-cv-4731, 2013 WL 1339408, at *7 (E.D.N.Y. Mar. 31, 2013) (citing Peralta v. Vasquez, 467 F.3d 98, 100 (2d Cir. 2006)). That rule states:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

5

Peralta, 467 F.3d at 102 (quoting Heck, 512 U.S. at 486-87). Heck applies to cases alleging conviction on the basis of falsified evidence. See Amaker v. Weiner, 179 F.3d 48, 51 (2d Cir. 1999).

To the extent Geer seeks release from prison, he must file a federal habeas petition, pursuant to 28 U.S.C. § 2254.[1] See Preiser, 411 U.S. at 499-500. As for money damages, for Geer to succeed, he would have to demonstrate that the falsified evidence in the D.A.'s report deprived him of his liberty, that is, resulted in his conviction and imprisonment. See Zahrey, 221 F.3d at 349. That would "necessarily imply the invalidity" of his conviction and sentence. See Heck, 512 U.S. at 487. Geer has not put forth any allegations that demonstrate that his conviction or sentence has already been invalidated in one of the ways set forth in Heck. Therefore, Heck and Preiser bar Geer's claim, which must be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

**III. The Hearing Claim**

Geer's claim that various defendants wrongfully denied his motion to set aside his sentence without a hearing is dismissed. First, like his false report claim, this claim cannot support a prayer for relief from imprisonment. For that, Geer must rely on his habeas petition. See Preiser, 411 U.S. at 499-500. As for money damages, Brown and Tabinsky could not have "denied [Geer's] motion to set aside [his] sentence without any hearing." (Compl. at 6.) Only Judge Holder could have done so. However, Judge Holder is absolutely immune from suit. See Mireles v. Waco, 502 U.S. 9, 11 (1991) ("Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). Neither of the two circumstances that can override judicial immunity are present here. See id. at 11-12

---

[1] Geer has, in fact, done so. See Geer v. People of the State of New York, No. 14-cv-5216. This order does not affect or make any representation as to the merit of plaintiff's habeas petition.

6

(stating that judicial "immunity is overcome in only two sets of circumstances": (1) "liability for nonjudicial actions" and (2) liability for "actions, though judicial in nature, taken in the complete absence of all jurisdiction"). Accordingly, this claim must be dismissed in part for failure to state a claim and in part because it seeks monetary relief from a defendant who is protected from such a claim by absolute immunity. 28 U.S.C. §§ 1915A(b)(1)-(2).

### IV. Brown and Access to the Courts

Geer's allegation that Brown has prevented him from filing motions in "any" New York courts is dismissed for failure to state a claim. To maintain a § 1983 action, plaintiff must allege that the conduct at issue: (1) was "committed by a person acting under color of state law" and (2) "deprived [plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)) (internal quotation marks omitted). The Court interprets Geer to raise a First Amendment claim alleging denial of access to the courts. "To state a denial of access claim, a plaintiff must plausibly allege that a defendant 'hindered his efforts' to pursue a non-frivolous legal claim." Cancel v. Amakwe, 551 F. App'x 4, 6 (2d Cir. 2013) (quoting Lewis v. Casey, 518 U.S. 343, 351 (1996)). Here, Geer has only asserted in conclusory fashion that Brown blocked his access to the courts. Accordingly, his claim is dismissed for failure to state a claim. 28 U.S.C. § 1915A(b)(1).

### V. Prison Mail Claims

Lastly, Geer claims that unnamed officials are interfering with his prison mail. Specifically, Geer alleges that "officers and the officials" are—by way of "bogus tickets and heavy penalties"—"prevent[ing] [him] from filing [his] legal documents to obtain" his original sentence, with its "parole release within . . . five years." (Compl. at 8.) He also claims that the

7

"business officer" returned his legal mail noting that letters sent to the Search Department at the Queens County Clerk's Office are not considered "legal mail." (Id. at 15.) Lastly, he claims that the "Albany postal service" returned letters he mailed seeking a manual on pro se prison litigation. (Id.)

"Interference with legal mail implicates a prison inmate's rights to access to the courts and free speech as guaranteed by the First and Fourteenth Amendments to the U.S. Constitution." Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003). "Restrictions on prisoners' mail are justified only if they further one or more of the substantial governmental interests of security, order, and rehabilitation . . . and must be no greater than is necessary or essential to the protection of the particular governmental interest involved." Id. (internal quotation marks omitted). However, to state a claim for denial of access to the courts "a plaintiff must demonstrate that a defendant caused 'actual injury' . . ., i.e., took or was responsible for actions that 'hindered [a plaintiff's] efforts to pursue a legal claim.'" Monsky v. Moraghan, 127 F.3d 243, 247 (2d Cir. 1997) (quoting Lewis, 518 U.S. at 351-52). Furthermore, "a plaintiff must allege not only that the defendant's alleged conduct was deliberate and malicious . . . ." Cancel v. Goord, No. 00-cv-2042, 2001 WL 303713, at *4 (S.D.N.Y. Mar. 29, 2001). "[T]he inmate must show that prison officials regularly and unjustifiably interfered with the incoming legal mail." Davis, 320 F.3d at 351 (internal quotation marks omitted).

Here, Geer's claim regarding the "business officer" fails to state a claim. The facts alleged in Geer's complaint state only that the officer alerted Geer to the fact that letters sent to the Queens County Clerk's Office Search Department do not constitute "legal mail." That is a correct statement of the definition of "legal mail." See Guillory v. Ellis, No. 11-cv-600, 2014 WL 4365274, at *15 n.17 (N.D.N.Y. Aug. 29, 2014) (defining legal mail "as correspondence

with attorneys, legal representatives, and legal services organizations"). Second, the mere fact that the post office in Albany has returned Geer's mail does not so much as raise an inference of any wrongdoing. For example, it is not clear that Geer has included the required postage. Third, Geer does not explain how the "bogus tickets and heavy penalties" he mentions prevent him from filing legal documents. (Compl. at 8.) It is conceivable a claim might arise from the use of some system of arbitrary fines to deter or prevent the transmission of mail from prison. However, on the facts as pleaded, Geer does not make that claim, let alone provide facts sufficient to make a claim of that nature plausible. Accordingly, that claim, too, must be dismissed for failure to state a claim. 28 U.S.C. § 1915A(b)(1).

**VI. Leave to Amend**

Although the Court dismisses Geer's complaint in full, it grants him leave to amend his prison mail interference and denial of access to the courts claims—and only those claims. In the case of his other claims, the Court need not afford Geer an opportunity to amend his complaint because, for the reasons stated above, "the court can rule out any possibility . . . that an amended complaint [on those claims] would succeed in stating a claim." Gomez, 171 F.3d at 796. With respect to the claims Geer has permission to re-plead, he must, in amending his complaint, cure the errors identified in the foregoing discussion. Should Geer choose to file an amended complaint, he must do so within thirty (30) days of this Order. He is advised that an amended complaint replaces the complaint currently pending before the Court in its entirety and therefore must include all of his claims and factual allegations against all of the defendants against whom he wishes to proceed. He should also be sure to include all defendants at the top of his complaint. The amended complaint must be captioned "First Amended Complaint" and bear the same docket number as this Order.

## CONCLUSION

Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted, 28 U.S.C. § 1915A(b)(1), and, as to Holder, because it seeks monetary relief from a defendant who has absolute judicial immunity, id. § 1915A(b)(2). However, as stated above, Geer may file an amended complaint as to certain claims within thirty (30) days of this Order. If he fails to do so, the Court shall enter judgment as to those claims. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      June *30*, 2015

s/Carol Bagley Amon
Carol Bagley Amon
Chief United States District Judge