FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN - 3 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PAKENAUTH GEER,

        Plaintiff,

-against-

RICHARD BROWN; JACK WARSAWSKY;
CATHERINE TABINSKY,

        Defendants.[1]
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
14-CV-6172 (CBA) (ST)

**AMON, United States District Judge:**

By Order dated June 30, 2015, the Court granted plaintiff Pakenauth Geer's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and dismissed his complaint for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1). Geer v. Brown, No. 14-CV-6172 (CBA) (LB), 2015 WL 4042166 (E.D.N.Y. June 30, 2015). The Court granted Geer leave to amend his complaint only as to his prison mail interference and denial of access to the courts claims. Id. at *6. He has filed an amended complaint. (D.E. # 7 ("Am. Compl.").) For the following reasons, Geer's amended complaint is dismissed for failure to state a claim on which relief may be granted.

In his amended complaint, Geer raises claims, now all too familiar to the Court,[2] relating to his criminal conviction and "resentenc[ing] to 17 years flat bid." (Am. Compl. at 1.) He describes his sentence as originally a "12 to 17 years split bid, with (parole release within 5 years)" rather than his current sentence of "17 years flat bid, with 5 years post release supervision." (Id.)

---

[1] Although not named in the caption, Geer also asserts claims against Audrey Pheffer and Kenneth Holder.
[2] Geer raised virtually identical claims in two other cases before this Court and in his first complaint in this case. See Geer v. Tabinsky, No. 14-CV-6672 (CBA) (LB), 2015 WL 4042168, at *2 (E.D.N.Y. July 1, 2015); Geer v. Brown, No. 14-CV-6172 (CBA) (LB), 2015 WL 4042166, at *2 (E.D.N.Y. July 1, 2015); Geer v. Pheffer, No. 14-CV-2829 (CBA) (LB), 2015 WL 332996, at *2–4 (E.D.N.Y. Jan. 23, 2015).

1

In particular, Geer alleges that (1) he was resentenced "without [his] knowledge"; (2) Richard Brown, the Queens County District Attorney; Jack Warsawsky, an assistant district attorney; and Catherine H. Tabinsky, a court reporter, somehow acted illegally to extend his sentence; and (3) unnamed "officers and officials" "harass and torment" him and "prevent[] [him] from getting help from the outside agency and officials." (Id.)

Geer has also appended three documents to his amended complaint. The first is a letter from Geer to Human Rights Watch accusing his lawyer of tricking him into pleading guilty. (Id. at 2.) The second is filled with incomprehensible strings of text. (Id. at 3 (a sample runs: "mIHU kHTHCIU AG aODHT").) The third is a document from the Queens County Clerk's Office, which includes a brief description of Geer's sentence and a notation informing him that the office returned his check because he made it out to the wrong party. (Id. at 4.)

When the Court dismissed Geer's original complaint in this case, it "grant[ed] him leave to amend his prison mail interference and denial of access to the courts claims—and only those claims." Geer v. Brown, 2015 WL 4042166, at *6. Geer has amended his complaint, but if anything he has provided less information as to these claims than in his original complaint. He now says only that unnamed and unspecified "officers and officials" "harass and torment" him and "prevent[] [him] from getting help from the outside agency and officials." (Am. Compl. at 1.) These claims are conclusory: they do not identify the officers or officials responsible nor do they specify where those officials work. See Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009). To the extent Geer's conclusory allegations refer to actions by officers at Washington Correctional Facility, where he is currently incarcerated, the Court notes that claims arising from events that took place at the Washington Correctional Facility should be filed in the Northern District of New York. See Order, Geer v. Tabinsky, No. 14-CV-6672 (CBA) (LB) (E.D.N.Y. July 28, 2015). These claims

2

are therefore dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1).

The rest of Geer's claims have already been considered and dismissed by this Court. The Court's June 30 Order did not grant Geer leave to amend his complaint as to his claim that Brown, Warsawsky, and Tabinsky had "conspired to falsify a transcript in his case" or his claim that this conspiracy resulted in the imposition of an extended prison sentence. See Geer v. Brown, 2015 WL 4042166, at *2–3, 6 (dismissing those claims as res judicata and expressly declining to let Geer replead those allegations). In fact, in a case filed after this one, in which Geer raised precisely these claims, the Court "admonished [Geer] to cease filing allegations restating the claims now twice dismissed as barred by the doctrine of res judicata," and warned that "[t]hose claims will meet the same fate if raised again." Geer v. Tabinsky, No. 14-CV-6672 (CBA) (LB), 2015 WL 4042168, at *4 (E.D.N.Y. July 1, 2015); see also Geer v. Pheffer, No. 14-CV-2829 (CBA) (LB), 2015 WL 332996, at *1–4 (E.D.N.Y. Jan. 23, 2015) (dismissing similar claims). Here, once more, these claims are barred by the doctrine of res judicata.

Geer's amended complaint is therefore dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). The Clerk of Court is directed to enter judgment and close the case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: June 3, 2016
Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
United States District Judge